**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Morgan Cole, on behalf of himself and all others similarly situated,

        Plaintiffs,

vs.

Exotic Snack Guys, LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:25-cv-7820

**PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff files this Amended Motion for Entry of Default Judgment to correct typographical and citation errors in the original filing (ECF No. 15).

Now comes Plaintiff Morgan Cole, by and through his attorneys Equal Access Law Group PLLC, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 55(b)(2), for entry of default judgment against Defendant Exotic Snack Guys, LLC, ("Defendant") and in support states as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiff filed this action on July 10, 2025, asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89, and related claims for declaratory relief and negligent infliction of emotional distress. (ECF No. 1).

2. The Complaint alleges that Defendant owns and operates a website (https://www.exoticsnackguys.com) that contains multiple barriers that deny blind and visually impaired individuals full and equal access to its goods and services.

3. Defendant was duly served with the Complaint and Summons on July 22, 2025, as evidenced by the proof of service filed with the Court. (ECF No. 6). Defendant is not in the military service of the United States.

4. Defendant has failed to appear, plead, or otherwise defend this action, and the Clerk of the Court entered default on November 4, 2025 (ECF No. 14).

## ARGUMENT

### A. Liability Under Title III of the ADA

5. Plaintiff specifically attempted to purchase rare exotic snacks from around the world on Defendant's website on May 19, 2025. However, he was prevented from completing the purchase because automatic pop-up windows disoriented his screen reader, the "Add to Cart" button did not confirm whether the item had been successfully added, he unsuccessfully tried to use email address from the website, but it was non-interactive. These barriers directly denied Plaintiff the ability to make a transaction in the same manner as sighted users. (Compl. ¶¶ 35(a)-(f), 39).

6. Once default is entered, all well-pleaded allegations in the Complaint, except those relating to damages, are deemed admitted. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

7. Plaintiff is legally blind, and he relies on and uses a screen-reading software and screen reader technology to access websites. When attempting to navigate Defendant's website, Plaintiff was unable to access core features, such as product sizing and purchase functionality, due to the absence of accessible coding elements like image alt text, keyboard navigability, and properly labeled form fields.

8. Defendant's conduct constitutes unlawful discrimination under 42 U.S.C. §§ 12182(a), (b)(1)(A), and (b)(2)(A)

9. Title III of the ADA requires public accommodations to provide equal access to goods and services for individuals with disabilities. 42 U.S.C. § 12182(a). Discrimination includes failing to make reasonable modifications to ensure accessibility. 42 U.S.C. § 12182(b)(2)(A)(ii).

10. Courts within this District have repeatedly found that commercial websites may constitute public accommodations under Title III, particularly where a nexus exists between the website and commercial activity. *See, e.g., Walsh v. Dania Inc.*, 716 F. Supp. 3d 655, 660–62 (N.D. Ill. 2024); *Colon v. HY Supplies, Inc.*, 2023 WL 7666740, at *4 (N.D. Ill. Nov. 15, 2023). The Department of Justice has also confirmed that Title III applies to websites. *See U.S. Dep't of Justice, Guidance on Web Accessibility and the ADA* (March 2022), https://www.ada.gov/resources/web-guidance/.

11. Because Defendant's website offers retail goods directly to the public, and Defendant has defaulted, the Complaint sufficiently establishes ADA liability.

12. Plaintiff encountered specific access barriers on Defendant's website, including:

    a. Ambiguous or non-descriptive link text;

    b. Inaccessible or difficult-to-locate contact information;

    c. Content that changes without advance warning;

    d. Unclear or missing labels for interactive elements;

    e. Improper or inaccurate heading hierarchy;

    f. A requirement that transactions be performed exclusively with a mouse, without keyboard-accessible alternatives.

13. These barriers denied Plaintiff full and equal enjoyment of the goods and services offered on the website.

**B. Injunctive Relief Is Warranted**

14. The ADA authorizes injunctive relief to prevent ongoing and future discrimination. *See 42 U.S.C. § 12188(a)(1)*; *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013).

15. Courts apply a four-factor test for permanent injunctions. *Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021). Those factors are success on the merits; irreparable harm; inadequacy of legal remedies; and public interest. Here, Plaintiff satisfies each of those factors.

16. As to the first factor of success on the merits; Defendant chose to rely on an exclusively visual interface despite readily available accessibility technology widely used by other online retailers. Courts in this Circuit routinely enter default judgment where a defendant fails to appear and the well-pleaded allegations establish liability under federal law. See *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000). Courts in this Circuit routinely enter default judgment where defendants fail to appear. See *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The Seventh Circuit has also recognized that Title III coverage is not limited to physical spaces and extends to websites. *See Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999); *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459-60 (7th Cir. 2001).

1. Next, there is irreparable harm because Plaintiff will continue to be denied meaningful full and equal access absent relief. Federal courts have repeatedly recognized that ongoing inaccessible websites that prevent individuals with disabilities from independently navigating pages, completing forms, or making purchases constitute a denial of full and equal access to goods and services, resulting in irreparable harm. See *Access Living of Metropolitan Chicago v. Uber Technologies, Inc.,* 351 F. Supp. 3d 1141, 1150-51 (N.D. Ill. 2018) (where the Court recognized ongoing denial of accessible services as continuing harm supporting equitable relief); *Robles v. Domino's Pizza, LLC,* 913 F.3d 898, 905 (9th Cir. 2019) (where the inaccessible website/app prevented blind user from ordering pizza — effectively an inaccessible checkout barrier); *Andrews v. Blick Art Materials, LLC,* 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) (where the Defendant encountered inaccessible purchasing functions and barriers preventing online shopping); *National Federation of the Blind v. Target Corp.,* 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006) (noting that "the inaccessibility of [the website] impedes the full and equal enjoyment of goods and services offered…").

17. As to inadequacy of legal remedies, money damages are unavailable under Title III. Plaintiff has also alleged emotional distress, including loss of sleep, humiliation, and frustration and therefore harms not compensable under Title III. Only injunctive relief can remedy these ongoing injuries. (Compl. ¶49)

18. Finally, as to the public interest requirement; Promoting website accessibility serves the ADA's core purposes. Approximately 8.1 million Americans are visually impaired, including 260,000 in Illinois. (Compl. ¶3) Ensuring accessibility therefore has broad public impact. Allowing inaccessible websites to persist excludes an entire community from daily

commerce, contrary to the ADA's mandate. *Id.* The public interest in enforcing the ADA is well established. *See United States v. AMC Entm't, Inc*., 549 F.3d 760, 773 (9th Cir. 2008) (injunctions enforcing ADA accessibility requirements serve the public interest); *Scherr* 703 F.3d 1069, 1075 (ADA violations inherently implicate strong public interests in accessibility).

19. Plaintiff's requested injunction complies with Rule 65(d), which requires specific and definite terms. Plaintiff does not seek vague incorporation of third-party standards but rather specific technical actions to ensure accessibility.

20. Default judgment establishes Defendant's liability under Title III of the ADA. By failing to respond, Defendant admits all well-pleaded allegations except damages (*e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). Courts in this District recognize that websites offering goods and services are places of public accommodation. *See Walsh v. Dania Inc.*, 716 F. Supp. 3d 655, 660–62 (N.D. Ill. 2024). The DOJ has also confirmed that Title III applies to websites (DOJ, Guidance on Web Accessibility and the ADA (Mar. 2022)).

21. Plaintiff has been and will continue to be barred from using Defendant's website absent injunctive relief. Courts recognize that ongoing ADA violations cause irreparable harm. *See Scher*r, 703 F.3d 1069, 1075. Plaintiff's inability to independently complete transactions online constitutes ongoing exclusion and humiliation and quintessential irreparable harm.

22. Legal remedies are inadequate as a matter of law because Title III of the ADA does not provide compensatory or punitive damages. *See Goodman v. Illinois Dep't of Financial &*

*Prof'l Regulation*, 430 F.3d 432, 438 (7th Cir. 2005). Without injunctive relief, Plaintiff has no adequate remedy to ensure website accessibility.

23. The public interest strongly favors injunctive relief. The ADA was enacted to eliminate discrimination and promote equal access. Ensuring accessible websites benefits not only Plaintiff but thousands of blind consumers. Courts and the DOJ alike recognize the importance of accessibility. Moreover, the required fixes such as adding alt text, proper labels, ensuring keyboard navigation which are modest in cost relative to the harms avoided. See *Sierra Club v. Franklin Cnty. Power of Ill.*, LLC, 546 F.3d 918, 936–37 (7th Cir. 2008).

24. At this stage, Plaintiff proceeds solely in his individual capacity, not seeking class relief. Plaintiff respectfully requests entry of default judgment declaring Defendant's website inaccessible and enjoining Defendant to correct specific barriers.

## C. Conclusion

Plaintiff respectfully requests that the Court enter judgment in his favor and:

1. Declare that Defendant's website violates Title III of the ADA;

2. Permanently enjoin Defendant to take the following actions within 180 days:

   a. Provide alt-text for all meaningful images;

   b. Correct form field labeling to enable accurate screen reader interaction;

   c. Add "skip to content" functionality;

   d. Ensure all navigation menus and dropdowns are accessible via keyboard;

   e. Ensure interactive elements are programmatically focusable and announced correctly;

f. Within 180 days, Defendant shall implement the corrective actions listed herein and file with this Court a sworn certification of compliance by an officer or authorized representative, under penalty of perjury.

3. Reserve jurisdiction to determine Plaintiff's reasonable attorneys' fees and costs upon petition.

4. Because Plaintiff does not seek monetary damages, no inquest is necessary.

WHEREFORE, Plaintiff respectfully requests entry of default and the entry of the attachment judgment against Defendant.

Dated: February 20, 2026

Equal Access Law Group PLLC
Attorney for Plaintiff

**_/s/ Alison Chan_**
By: Alison Chan, Esq.
68-29 Main Street,
Flushing, NY 11367
O: (844) 731-3343
C: (929) 442-2154
Email: achan@ealg.law